IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:17-CR-00342** |
| | : | |
| **v.** | : | |
| | : | |
| **ARTHUR LOVE** | : | **Judge Sylvia H. Rambo** |

### M E M O R A N D U M

Before the court is Defendant Arthur Love's motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. 384.) For the reasons set forth below, the motion will be denied.

### I.    BACKGROUND

On November 1, 2017, a grand jury returned a 43-count indictment charging Love and several codefendants with drug trafficking and firearms offenses. (*See* Doc. 3.) On November 2, 2017, Love pled not guilty to the eleven charges against him. (Doc. 24.) In a subsequent plea agreement signed on July 30, 2019, Love agreed to plead guilty to Count One, which charged him with violating 21 U.S.C. § 846 by conspiring to distribute 500 grams and more of cocaine hydrocholoride, 280 grams and more of cocaine base, and 100 grams and more of heroin. (Doc. 227 ¶ 1.) On September 17, 2019, the court accepted Love's guilty plea. (Docs. 238–240.)

Love's presentence report calculated an advisory guidelines range of 210 to 262 months of imprisonment based on a criminal history score of 8 and a total

offense level of 34. (Doc. 264 ¶¶ 43, 68.) At Love's sentencing hearing on September 3, 2020, the court sustained objections raised by defense counsel Korey Leslie, resulting in an offense level of 32 and an adjusted range of 168 to 210 months of imprisonment.[1] (Doc. 415 at 2:11–4:25.) Mr. Leslie also requested a downward departure to the mandatory minimum of 120 months, arguing that Love's criminal history was overstated and that a sentence at the mandatory minimum would avoid a disparity with the sentences imposed on Love's criminal associates. (*Id.* at 5:1–9:2.) The court denied his request, and Love was sentenced to 168 months in prison. (*Id.* at 13:17–14:16.)

Love now moves to vacate his sentence under § 2255 based on ineffective assistance of counsel. Having been fully briefed, this matter is ripe for review.

## II. STANDARD OF REVIEW

A federal prisoner may challenge his sentence or conviction by motion to the sentencing court pursuant to 28 U.S.C. § 2255. To prevail, the petitioner must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, No. 3:04-CR-0251, 2008 WL 80048, at *2 (M.D. Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491,

---

[1] Mr. Leslie represented Love through all stages of the criminal prosecution and sentencing. Love proceeds with this motion pro se.

496–97 (6th Cir. 2003)). The petitioner generally has the burden of proving by a preponderance of the evidence that he is entitled to relief. *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977); *United States v. Ayers*, 938 F. Supp. 2d 108, 112 (D.D.C. 2013); *Pazden v. Maurer*, 424 F.3d 303, 313 (3d Cir. 2005).

The court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021) (quoting 28 U.S.C. § 2255(b)). To determine whether a hearing is appropriate, the court assesses whether the petitioner's nonfrivolous factual claims plausibly establish an entitlement to relief. *Id.* at 334–35. The court is not required to accept or further investigate "vague and conclusory allegations." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

Claims not raised on direct appeal are procedurally defaulted and can only be reviewed if the petitioner demonstrates "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998). Claims of ineffective assistance of counsel, by contrast, "may be brought in the first instance by way of a § 2255 motion regardless of whether the movant could have asserted the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

3

To prove ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 691 (1984). The first element requires the petitioner to demonstrate that "counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). Proving a deficiency in conduct requires showing "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* (quoting *Strickland*, 466 U.S. at 689). "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

The second element requires the petitioner to show that counsel's performance caused unfair prejudice, or a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. It is not enough to show that "the error had some conceivable effect on the outcome of the proceeding, for virtually every act or

omission would meet that test." *Id.* at 693. Rather, counsel's conduct must have "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Put differently, the error must be "so serious as to deprive the defendant of a trial . . . whose result is reliable." *Id.* at 687.

### III.  DISCUSSION

Love's first claim contends that his counsel provided ineffective assistance at sentencing because he did not argue that the government's presentation to the court was improper and in breach of an alleged oral promise made to Love during plea negotiations. (Doc. 385 at 2.) According to Love, prior to signing the plea agreement, the prosecutor orally promised him that the government would not object to the defense's request for a sentence comparable to those that were handed down to Love's co-conspirators. (*Id.*) Love argues that the government broke its promise at sentencing by contrasting his offense conduct with that of his co-conspirators, and that the failure to bring the breach to the attention of the court caused him prejudice. (*Id.* at 3.)

As an initial matter, Love's contentions are unworthy of credence. By signing the agreement, Love unconditionally affirmed that "[n]o other promises or inducements" were made to him in connection with the case, and he subsequently testified under oath that he understood each paragraph of the plea agreement, and

that no other promises were made to him that were not set forth therein. (Doc. 412 at 7:13–8:2.) On a § 2255 motion, the court is not required to accept as true or give further consideration to allegations, like these, that are contradicted by the record. *See United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005); *United States v. Schwartz*, 925 F. Supp. 2d 663, 691 (E.D. Pa. 2013).

Moreover, even if a promise was made during the course of plea negotiations, defense counsel's failure to raise the matter at sentencing was not ineffective assistance because any such promise lacked legal force at the time. The plea agreement Love signed specifically permits argument by the government "regarding the application of Sentencing Guidelines to the defendant's conduct," and expressly supersedes "all prior understandings" between the parties, including oral understandings. The government was therefore well within its rights to compare Love's offense conduct to that of his co-conspirators, and defense counsel lacked any basis for concluding that the prosecutor's supposed pre-agreement promise was binding or otherwise material to the proceeding. Given all this, defense counsel had no reason to raise the issue with the court, and his failure to do so could not have been ineffective assistance.[2]

---

[2] Similarly, defense counsel's failure to raise the issue could not have prejudiced Love because there is no reason to believe it would have impacted the court's decision in any way.

Love's second claim, which contends that his attorney provided ineffective assistance by failing to object to a three-level enhancement for an aggravating role in the offense, fares no better. Any such objection would have been frivolous, since Love himself stipulated to the enhancement in the plea agreement (Doc. 227 ¶ 12) and because the record demonstrated that he acted as "a manager or supervisor" and that his criminal activity was "extensive." *See* United States Sentencing Commission Guidelines Manual § 3B1.1(b); (*See* Doc. 412 at 13:12–14:25, 16:19–17:1) (noting evidence of eight controlled buys by Love and people working under him; accountability for distributing 500 grams or more of cocaine hydrochloride, 280 grams or more of cocaine base, and 100 grams or more of heroin). Defense counsel's failure to object was therefore not unreasonable and not prejudicial to Love.

Finally, Love's third claim argues that his counsel was ineffective for not objecting to three of his eight criminal history points. Here too, Love is mistaken, as his criminal history was accurately calculated. One of the contested criminal history points was properly assessed based on Love's March 2007 sentence for possession of marijuana because the sentence was imposed within ten years of his September 2016 offense conduct in this case. (Doc. 264 ¶¶ 6, 38.) *See* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2). The other two contested criminal history points were also properly assessed based on Love's 2017 sentence for driving under the influence because the offense's maximum sentence of imprisonment was six months, which exceeds the

7

sixty-day threshold for a two-point increase. (Doc. 264 ¶ 40; Doc. 418-1 at 3–4.) *See* U.S.S.G. §§ 4A1.1(b), 4A1.2(b)(1). Any objection to the manner in which Love's criminal history was calculated would therefore have lacked basis in fact and law. *See Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000). Because the motion does not plausibly allege that counsel's performance was deficient, Love is not entitled to relief under § 2255.

## IV. CONCLUSION

For the reasons explained above, Defendant Arthur Love's motion to vacate his sentence under 28 U.S.C. § 2255 will be denied.[3] Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a petition under 28 U.S.C. § 2255, the district court must make a determination as to whether a certificate of appealability should issue. 3d Cir. L.A.R. 22.2. A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)

---

[3] On this record, the court finds that the motion "conclusively show[s] that [Love] is entitled to no relief," and accordingly will deny the motion without a hearing. *See Arrington*, 13 F.4th 331, 334 (3d Cir. 2021).

(internal citations and quotations omitted). In the present matter, the court concludes that reasonable jurists would not debate whether the court properly resolved the issues presented. As such, a certificate of appealability will not issue. An appropriate order shall follow.

                                        *s/ Sylvia H. Rambo*
                                      SYLVIA H. RAMBO
                                      United States District Judge

Dated: May 4, 2022